# Bartlett *versus* Kingan.

1. If there was some evidence of a special contract, which was submitted to the jury who found the fact, it is conclusive in this Court.

2. A claim for work done and bricks furnished for the construction of a building, is in time if filed within six months after the last quantity of bricks were furnished. The six months' limitation begins to run from the completion of the contract.

ERROR to the District Court of *Allegheny county.*

This was a *scire facias* on a mechanics' lien, filed in favor of Samuel Kingan and others *v.* Bartlett, contractor, and Earle, owner of the building.

The claim, filed December, 1846, was for $420.92, for bricklayers' work done, and materials for the same furnished by the plaintiffs within six months last past, in and about the erection and construction of a brick house, &c.; "there being attached a bill of particulars of their claim, showing the kind and amount of materials, &c., and the time when the said work and materials were done and furnished."

The bill of particulars was as follows:

Henry Earle's House by B. F. Bartlett,
To S. Kingan & Brothers, Dr.

| | | |
|---|---|---:|
| 1845. Nov. 2. To 7500 bricks and mortar furnished and laid, at $6.62½ per M. - - - - - | | $49.65 |
| Nov. 15. To 7500 same, at same price, | - | 49.65 |
| 1846. May 1. To 24,079 do. at same price, | - - | 159.52 |
| June 1. To 24,079 do. do. - | - - | 159.52 |
| Sept. 4. To 500 bricks, - - | - - | 2.50 |
| | | $420.95 |

On the trial, the defendants demurred to the lien, and the plain-

2 F 2

[Bartlett *v.* Kingan.]

tiffs joined in the demurrer. The demurrer was overruled and the defendants had leave to answer over. They plead: 1, Set-off; 2, That the lien was not filed within six months after finishing the building.

On the trial, a witness on part of plaintiffs testified, that in the fall of 1845, the plaintiff began to deliver brick; contracted to deliver next summer; house put up through the summer.

Another witness hauled brick; ordered to haul the last for setting grates and laying hearths in Earle's house last of August or first of September. There was some one working on the porch. Robert Kingan ordered me to haul them there, and went with me with one load.

Another witness: Bartlett told me Kingan was to furnish the brick and do the work.

Another: When we agree to furnish the brick for a building, we consider the bricks for the grates and hearths included.

Lowrie, J.—If you believe that the last item was furnished in pursuance of an agreement to furnish all the brick for the house, then the date of the delivery of the last brick required fixes the period within which the lien must be filed.

April 2, 1851, verdict for the plaintiffs.

It was assigned for error, 1. The Court erred in overruling the demurrer, the defendants in error not being entitled to their action on the ground of the *invalidity of the claim* filed, inasmuch as the same is not within the provisions of our Acts of Assembly relative to mechanics' liens, which require the claim to be filed within six months; the items for work and labor done, and materials to be separately exhibited, each kind, and the amount due for each to be distinctly specified; and the time when the labor was performed, and the time when the materials were furnished, to be clearly set forth.

2. The Court erred in leaving it to the jury to infer the terms of a supposed agreement between Bartlett and the defendants in error, with regard to furnishing the materials used in the construction of the building, in the absence of any proof as to the nature of the contract, the consideration upon which it was founded, or whether it was written or parol; and in charging the jury that if they believed the last item was furnished, in pursuance of such an agreement, then its date fixed the period within which the lien must be filed.

3. The Court erred in allowing the jury to pass upon the validity of the lien, and in not charging them against its validity.

*Irwin*, for plaintiffs in error.

The opinion of the Court was delivered, October 7, by

[Bartlett *v*. Kingan.]

BLACK, C. J.—The plaintiff in error complains that the Court erroneously overruled a demurrer; but the demurrer is not set forth in the paper-book, and therefore we take it for granted that the counsel did not seriously expect us to give any opinion about it.

It is also asserted that the claim of the plaintiff below was incorrectly set out, the work and labor being blended together with the bricks and mortar. But the Court below was not asked to instruct the jury on that subject, and did not refer to it in the charge.

Another argument is, that the evidence was not sufficient to prove the materials to have been furnished in pursuance of a special contract. The answer to this is, that there was some evidence of it, and it was submitted fairly to the jury, who found the fact. This, of course, is conclusive.

The only point entitled to much consideration is this : Whether a party who furnishes materials in pursuance of a contract, is in time if he files his claim within six months from the date of the last act done in execution of it. We are of opinion that the six months' limitation begins to run from the time when the contract was finished. This is the construction which other statutes of limitation have received, and we cannot conceive of any reason why we should depart from all analogy to give this one a different interpretation. Nor can we understand how a better or a juster rule can be made. On the contrary, we think that any other would be wholly indefensible. One who is working or furnishing materials under an entire contract, which may not be wholly finished for years, cannot enter it on the docket within six months from the date of each item, without dividing it into parcels. Besides, he has no claim, in fact or in law, until the whole contract has been performed; and where the bargain is for a gross sum he can fix no price upon particular parts of his job.

Judgment affirmed.

LEWIS, J., dissented.